**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| EFS, Inc., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 3:07-cv-00704 |
| v. | ) Judge Haynes |
| | ) |
| AIG FINANCIAL ADVISORS, INC., and | ) Jury Trial Demanded |
| SPELMAN & CO., INC., | ) |
| | ) |
| Defendants | ) |

## ANSWER AND COUNTERCLAIM AGAINST PLAN TRUSTEES

Come now Defendants, AIG Financial Advisors, Inc., and Spelman & Co., Inc. ("Defendants"), by and through counsel, and for their Answer to the Complaint filed herein by Plaintiffs, state as follows:

1-8.  Defendants lack knowledge and information sufficient to form a belief as to the truth as to the allegations in Paragraphs 1-8 and, therefore, deny same.

9.  Admitted.

10.  Defendants admit that Spelman & Co., Inc., was a corporation and was a securities broker dealer and registered investment advisor.  All other allegations of Paragraph 10 are denied.

11.  Admitted.

12.  Admitted.

13.  Defendants lack knowledge and information sufficient to form a belief as to the

1

truth of the allegations of Paragraph 13 and, therefore, deny same.

14. Defendants admit that Mr. Stokes was a registered representative of Spelman & Co., Inc., from March 2001 through October 2005. Defendants further admit that Mr. Stokes was a registered representative of AIG Financial Advisors, Inc., from October 2005, until he was terminated on September 15, 2006. Unless specifically admitted herein, Defendants deny the remaining allegations of Paragraph 14.

15. Admitted.

16. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and, therefore, deny same.

17. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, deny same.

18. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, deny same.

19. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, deny same.

20. Admitted.

21. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, deny same.

22. Admitted.

23. Denied.

24. Admitted.

25. Admitted.

2

26.     Admitted.

27.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, deny same.

28.     Denied.

29.     Denied.

30.     Denied.

31.     The first sentence of Paragraph 31 asserts a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, the allegations are denied.  The second sentence of Paragraph 31 is denied.

32.     The first sentence of Paragraph 32 asserts a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, those allegations are denied.  With respect to the second sentence of Paragraph 32, Defendants admit points (a), (b) and (c) and are without sufficient information to admit or deny points (d) and (e), and deny same, but state that documents relating to those events speak for themselves.  Further, the allegation that points (a) – (e) constitute "misconduct" is a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

33.     Denied.

34.     Denied.

35.     In response to Paragraph 35, Defendants incorporate their responses to Paragraphs 1 through 34.

36.     Paragraph 36 asserts a legal conclusion to which Defendants are not required to respond.  To the extent a response is required, Defendants lack knowledge and information

3

sufficient to form a belief as to the truth of the allegations and, therefore, deny same. In further response, Defendants state that the statutes cited in Paragraph 36 speak for themselves.

37. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 37 and, therefore, deny same.

38. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and, therefore, deny same.

39. Paragraph 39 asserts a legal conclusion to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. In further response, Defendants state that the statute cited speaks for itself.

40. Paragraph 40 asserts a legal conclusion to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

41. Defendants deny that Plaintiffs are entitled to any recovery or relief from them of any kind. In further response, Defendants state that the statute cited in Paragraph 41 speaks for itself.

42. In response to Paragraph 42, Defendants incorporate their responses to Paragraphs 1 through 34.

43. Paragraph 43 asserts a legal conclusion to which Defendants are not required to respond. To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, deny same.

44. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and, therefore, deny same.

45. Paragraph 45 asserts legal conclusions to which Defendants are not required to

respond. To the extent a response is required, the allegations are denied.

46. Denied.

47. Denied.

48. Denied.

49. Paragraph 49 asserts a legal conclusion to which Defendants are not required to respond. To the extent a response is required, the allegations are denied

50. Defendants deny that Plaintiffs are entitled to any recovery or relief from them of any kind.

51. Paragraph 51 asserts a legal conclusion to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. In further response, Defendants deny that Plaintiffs are entitled to any recovery or relief from them of any kind.

52. In response to Paragraph 52, Defendants incorporate their responses to Paragraphs 1 through 34.

53. Paragraph 53 asserts legal conclusions to which Defendants are not required to respond. To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and, therefore, deny same.

54. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and, therefore, deny same.

55. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and, therefore, deny same.

56. Paragraph 56 asserts legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied.

5

57. Defendants deny that Plaintiffs are entitled to any recovery or relief from them of any kind.

58. Paragraph 58 asserts legal conclusions to which Defendants are not required to respond. To the extent a response is required, the allegations are denied. In further response, Defendants deny that Plaintiffs are entitled to any recovery or relief from them of any kind.

Defendants deny that Plaintiffs are entitled to any of the relief sought against Defendants in the prayer for relief. Any allegation heretofore neither admitted nor denied is now expressly denied.

In further answer to the Complaint, and for separate, affirmative defenses, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action, in whole or in part, upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims under the Tennessee Securities Act are barred because Defendants are not "control persons" under the Act. Tenn. Code. Ann. §48-2-122(g).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under the Tennessee Securities Act are barred because Defendants did not know, and in the exercise of reasonable care could not have known, of the existence of the facts giving rise to the claim. Tenn. Code Ann. §48-2-122(g).

6

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have incurred any damages, which is denied, such damages are the result of their own acts or omissions and are not the result of any act or omission by Defendants.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have incurred any damages, which is denied, Plaintiffs have failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent any of Plaintiffs have incurred any damages, which is denied, such damages are the result of the Plan trustees' failure to supervise and control their appointed co-fiduciaries, Barry Stokes and 1Point Solutions, LLC.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the legal doctrines of waiver, estoppel, laches, unclean hands, setoff, release, payment, contributory negligence and/or comparative fault.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants owed no duties to Plaintiffs and, in any event, did not breach any duties and did not act willfully, maliciously, recklessly, negligently or with the intent to harm Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have incurred any damages, which is denied, such damages are

the result of superseding or intervening causes, including, but not limited to, the purely personal and/or criminal acts of Mr. Stokes, 1Point Solutions, LLC and/or its affiliates, all of which preclude any liability of Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims are barred because Mr. Stokes was not acting as Defendants' agent for purposes of the matters at issue and, in any event, the actions of Mr. Stokes were beyond the scope of any agency relationship between Defendants and Mr. Stokes.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have incurred any damages, which is denied, such damages are not the proximate result of any actions or omissions of Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Should Plaintiffs receive a judgment against Defendants, Defendant are entitled to contribution, indemnification or a reduction in the award by the percentage of fault assigned to such persons or entities whose negligence or other acts proximately contributed to the claimed damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent any harm to Plaintiffs occurred, which is denied, such harm was proximately caused, if at all, by the negligence and/or other wrongful acts of persons or entities other than Defendants, including, but not limited to, Mid-Atlantic Capital Corporation, Sungard Institutional Brokerage, Inc., and/or and any other person or entity which held or controlled Plaintiffs' funds. Such persons or entities are either solely responsible for Plaintiffs' claimed losses, or, alternatively, Defendants are entitled to be defended and indemnified by such persons

or entities.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims are pre-empted by operation of ERISA.  See ERISA §§ 502(a) and 514(a).

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs recover any of the purported losses they seek in this action from non-parties to this action, recovery here must be reduced.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages, which are denied, are barred because Defendants' conduct did not rise to the level maliciousness or recklessness, which the law requires. Moreover, although the amount of the punitive damage claim is unquantified, its upper value is limited by due process considerations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to further plead such defenses, affirmative defenses, and counter-claims as may become necessary or appropriate following discovery in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plan Sponsor Plaintiffs lack standing to maintain any claims in this action.

WHEREBY, Defendants pray that all claims against them be dismissed with prejudice; that they be awarded costs, disbursements and attorneys' fees; and that they be granted all such other and further relief as this Court may deem just and proper.

9

## DEFENDANTS' COUNTERCLAIM AGAINST THE PLAN TRUSTEES

Come now AIG Financial Advisors, Inc., and Spelman & Co., Inc., and pursuant to Rule 13 of the Federal Rules of Civil Procedure bring the following counterclaim against the Trustees of the 401(k) and/or retirement plans at issue (the "Plans").

1.     Plaintiff-in-Counterclaim, AIG Financial Advisors, Inc. ("AIGFA"), is a Delaware corporation with its principal place of business in Arizona.

2.     Plaintiff-in-Counterclaim, Spelman & Co. ("Spelman"), was a California corporation which has been dissolved in its state of incorporation.  AIGFA purchased assets and assumed liabilities of Spelman & Co., Inc., effective October 2005.

3.     Defendant-in-Counterclaim, Michael Egan, has alleged in the Complaint that he is the trustee for the EFS, Inc. 401(k) Plan and the Grassworx SE, LLC 401(k) Plan and is a resident of Georgia.

4.     Defendants-in-Counterclaim, Frank Mastrapasqua and Mauro Mastrapasqua have alleged in the Complaint that they are trustees for the Mastrapasqua Asset Management, Inc., 401(k) Plan and are residents of Tennessee.

5.     Defendants-in-Counterclaim, Tim Markman, Greg Peterek, John Fritz, Lisa Gindler and Barbara Korinacek have alleged in the Complaint that they are trustees for the Gonzales County Hospital District 401(k) Plan and are residents of Texas.

6.     Defendants-in-Counterclaim, Wayne McCreight and Crawford Gallimore have alleged in the Complaint that they are trustees for the Hamilton Ryker Group, LLC, 401(k) Plan

10

and are residents of Tennessee.

7.     Defendants-in-Counterclaim, Richard Landry and Bonnie Walsh have alleged in the Complaint that they are trustees for the Independent Press Association 401(k) Plan and are residents of California.

8.     Defendant-in-Counterclaim, Lester Turner, Jr., has alleged in the Complaint that he is the trustee for the Tuned In Broadcasting, Inc., 401(k) Plan and is a resident of Tennessee.

9.     Defendants-in-Counterclaim, James Someck and Jo Ann Diehl have alleged in the Complaint that they are the trustees for the Jimbo's Natural Family, Inc., 401(k) Plan and are residents of California.

10.     Based on Defendants-in-Counterclaim's allegations, the aforementioned trustees are trustees of employee benefit plans governed by Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq., and are "fiduciaries" under ERISA, as that term is defined in 29 U.S.C. § 1002(21).

11.     Further, each of the Defendants-in-Counterclaim has alleged that he, she or they engaged Barry Stokes and his company 1Point Solutions. LLC ("1Point") to provide services to the Plans for which they serve as trustees.

12.     Accordingly, Defendants-in-Counterclaim owed a number of obligations to the Plans for which they serve as trustees and/or the participants of those Plans under ERISA or otherwise, including, but not limited to, the ongoing duty to monitor, supervise and control Barry Stokes and 1Point, whom they each had engaged.

13.     In the alternative, Defendants-in-Counterclaim had a common law duty to monitor, supervise and control the activities of Barry Stokes and 1Point, whom they had engaged

Case 3:07-cv-00704   Document 20   Filed 06/27/08   Page 11 of 14 PageID #: 76

or appointed to provide services to the Plans for which they serve as trustees.

14.     Defendants-in-Counterclaim failed in their ongoing duty to monitor, supervise and control the actions of Barry Stokes and 1Point, which caused the Plans to suffer losses.

### COUNT I -- CONTRIBUTION UNDER THE TENNESSEE SECURITIES ACT

15.     Plaintiffs-in-Counterclaim incorporate herein paragraphs 1-14 above.

16.     Defendants-in-Counterclaim have filed an action against Plaintiffs-in-Counterclaim, seeking to hold Plaintiffs-in-Counterclaim liable for Barry Stokes' alleged violations of the Tennessee Securities Act, pursuant to that Act's "control person" liability provision.

17.     Each of the Defendants-in-Counterclaim had the ability and obligation to monitor, supervise and control, either directly or indirectly, Barry Stokes' and 1Point's actions with respect to the Plans for which they serve as trustees.

18.     To the extent Plaintiffs-in-Counterclaim are held liable as "control persons" under the Tennessee Securities Act for any violation of the Tennessee Securities Act by Barry Stokes, Defendants-in-Counterclaim are liable to Plaintiffs-in-Counterclaim for contribution pursuant to the Tennessee Code Annotated § 48-2-122(g), which provides:

> (g) Every person who directly or indirectly controls a person liable under this section, every partner, principal executive officer, or director of such person, every person occupying a similar status or performing similar functions, every employee of such person who materially aids in the act or transaction constituting the violation, and every broker-dealer or agent who materially aids in the act or transaction constituting the violation, are also liable jointly and severally with and to the same extent as such person, unless the person who would be liable under this subsection (g) proves that the person who would be liable did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist. There is contribution as in cases of contract among the several persons so liable.

Case 3:07-cv-00704    Document 20    Filed 06/27/08    Page 12 of 14 PageID #: 77

Emphasis added.

WHEREFORE Plaintiffs-in-Counterclaim, AIG Financial Advisors, Inc., and Spelman & Co., Inc., pray that judgment enter against Defendants-in-Counterclaim as follows:

1.　　　That if Plaintiffs-in-Counterclaim are adjudicated liable under the Tennessee Securities Act for any violation of that Act committed by Barry Stokes, that Plaintiffs-in-Counterclaim be awarded contribution from Defendants-in-Counterclaim in an amount to be determined at trial;

2.　　　That Plaintiffs-in-Counterclaim be awarded their costs and expenses, including reasonable attorneys' fees; and

3.　　　That Plaintiffs-in-Counterclaim be granted such further relief as this Court deems just.

RESPECTFULLY SUBMITTED,

/s/ Christopher G. Lazarini
Shepherd D. Tate (TN#05638)
Christopher G. Lazarini (TN#015540)
BASS, BERRY & SIMS PLC
The Tower at Peabody Place
100 Peabody Place, Suite 900
Memphis, TN  38103
(901) 543-5900

Anthony J. McFarland (TN#09551)
E. Steele Clayton (#17298)
BASS, BERRY & SIMS PLC
315 Deaderick Street, Suite 2700
Nashville, TN  37238-3001

*Attorneys for Defendants/Plaintiffs-in-Counterclaim*

13

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on June 27, 2008, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | | |
|---|---|---|
| H. Naill Falls, Jr. | John B. Veach, III | Robert Martin Garfinkle |
| FALLS & VEACH | FALLS & VEACH | GARFINKLE, MCLEMORE & WALKER, |
| 1143 Sewanee Rd. | 20 Cedarcliff Road |  PLLC |
| Nashville, TN 37220 | Asheville, NC 28803 | 2000 Richard Jones Road, Suite 250 |
| (615)242-1800 | (828)277-6088 | Nashville, TN  37215-8249 |
| | | (615) 383-9495 |

          /s/ Christopher G. Lazarini